Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8370 | **DATE** | 12/11/2002 |
| **CASE TITLE** | Richardson, et al. vs. Union Pacific Railroad Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for judgment on the pleadings as to Counts IV, VI and X [92-1] is granted. The case shall proceed to trial on damages on all remaining counts on 1/6/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 12 2002 | |
| | Notified counsel by telephone. | | date docketed | 98 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | MB docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 DEC 11 PM 4:40 | 12/11/2002 date mailed notice | |
| MD | courtroom deputy's initials | FILED-ED 10 Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 1 2 2002

LESLIE RICHARDSON, COLIN POLLARD, )
JAMES SMITH, LEON REYNOLDS and )
CLIFFORD SOLOMON, )
)
Plaintiffs, )
)
vs. ) No. 98 C 8370
) Judge Joan H. Lefkow
UNION PACIFIC RAILROAD COMPANY, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant, the Union Pacific Railroad Company ("Union Pacific"), has moved under Rule 12(c), Fed. R. Civ. P., for judgment on the pleadings as to Counts IV, VI and X of plaintiffs' second amended complaint. Counts IV, VI and X allege, pursuant to 42 U.S.C. § 1983, false arrest, false imprisonment and unlawful search and seizure in violation of the Fourth and Fourteenth Amendments. For the reasons set forth below, the court grants the motion.

## JUDGMENT ON THE PLEADINGS STANDARDS

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Northern Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Judgment pursuant to Rule 12(c) is appropriate where "it appears beyond doubt that the plaintiff cannot prove any [set of] facts that would support his claim for relief." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000), quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). In considering a 12(c) motion, the court must accept all well-pleaded allegations in the complaint as true and draw all



reasonable inferences in the plaintiff's favor. *Forseth*, 199 F.3d at 368. The court need not, however, accept as true conclusional legal allegations that the facts do not support. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 978 (7th Cir. 1999) (12(b)(6) motion); *Cagan v. Intervest Midwest Real Estate Corp.*, 774 F. Supp. 1089, 1098 n.11 (N.D. Ill. 1991).

## BACKGROUND

Plaintiffs filed the original complaint in this case on December 29, 1998, alleging violation of the Federal Employees Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.*, deprivation of civil rights under 42 U.S.C. § 1983, and numerous Illinois tort claims. The complaint arose from an incident that occurred on November 3, 1998, in which four Union Pacific police officers caused plaintiffs, employees of Union Pacific, to be arrested and Leslie Richardson, Leon Reynolds, Colin Pollard and James Smith to be charged with theft and Clifford Smith to be charged with burglary.[1]

On March 30, 2000, plaintiffs filed a second amended complaint, to which Union Pacific did not file a timely answer or otherwise respond. On July 18, 2000, the Honorable Blanche Manning, to whom this case was then assigned, entered a default judgment against Union Pacific. Judge Manning subsequently denied Union Pacific's motion to reconsider the default judgment on July 27, 2000, and this court denied Union Pacific's motion to vacate the order of default judgment on July 10, 2002.

## DISCUSSION

Union Pacific moves for judgment on the pleadings as to Counts IV, VI and X of the second amended complaint because those Counts do not make any allegations of a custom,

---

[1] These prosecutions were "nolle prossed" by the State's Attorney of Cook County.

2

practice or policy necessary to establish Union Pacific's liability under § 1983. While as a general rule the entry of a default judgment establishes as a matter of law that defendants are liable to plaintiffs as to each cause of action in the complaint, "[t]he entry of a default order does not . . . preclude a party from challenging the sufficiency of the complaint." *Black* v. *Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cripps* v. *Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.").

To establish the § 1983 liability of a municipal corporation, or a private corporation acting under color of law,[2] *respondent superior* cannot be the basis. Instead, a municipality or private corporation acting under color of law may be held liable under § 1983 in one of three ways:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Baxter* v. *Vigo County Sch. Corp.*, 26 F.3d 728, 724-35 (7th Cir. 1994).

The proper pleading standard in such § 1983 cases is no different from other notice pleading cases; a pleading is required to contain "enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick* v. *City of Chicago*, 230 F.3d

---

[2] Plaintiffs argue that because Union Pacific is a private and not a municipal corporation, plaintiffs were not required to allege any custom, practice or policy to establish liability. Seventh Circuit case law, however, has expressly rejected this view. *Jackson* v. *Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) ("For purposes of § 1983, we have treated a private corporation acting under color of state law as though it were a municipal entity."); *Iskander* v. *Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) ("Moreover, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees . . . a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.").

3

319, 323-24 (7th Cir. 2000), citing *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). To satisfy this standard, a complaint must at the very least allege an express municipal policy, a municipal custom or practice, or a person with final policymaking authority who caused the injury. *McCormick*, 230 F.3d at 324; *Randle v. City of Chicago*, No. 00 C 0299, 2000 WL 1536070, at *1 (N.D. Ill. Oct. 17, 2000). Furthermore, courts have made clear that "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient to survive a motion to dismiss." *Looper Maint. Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999), quoting *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994); *see also, McTigue v. City of Chicago*, 60 F.3d 381, 382-83 (7th Cir. 1995) (dismissing complaint alleging municipal liability, despite the fact that the complaint alleged a City policy, because the facts alleged failed to show an improper City policy); *Ross v. City of Chicago*, No. 99 C 7641, 2000 WL 343221, at *2 (N.D. Ill. March 31, 2000) (dismissing complaint where municipal policy allegations were conclusional and without factual support); *Obermeyer v. Pedicini*, No. 99 C 2440, 2000 WL 290444, at *2 (N.D. Ill. March 17, 2000) (dismissing complaint because conclusional statements, even under a notice pleading standard, were inadequate to establish municipal liability).

Here, plaintiffs concede that Counts IV, VI and X lack references to any Union Pacific custom or policy, but ask this court to view the second amended complaint as a whole, which plaintiffs believe adequately notifies Union Pacific that Counts IV, VI and X are brought pursuant to a failure to train theory. For example, plaintiffs point to their Count I FELA claim, where at paragraph 17(c) they allege FELA violations by Union Pacific's "failing and neglecting to properly educate its railroad police on procedures to be followed under the Constitution

4

regarding the detainment of persons." Plaintiffs further point to numerous other paragraphs of their second amended complaint that they allege give notice of their intent to proceed against Union Pacific on a custom or policy theory in Counts IV, VI and X. (*See* Sec. Am. Compl. Count VIII ¶¶ 35-37; Count IX ¶¶ 31-33.)

While plaintiffs refer to other Counts that they believe adequately notify Union Pacific that they are proceeding on a failure to train theory, nothing in Counts IV, VI and X contains even the necessary boilerplate allegations of a Union Pacific custom or policy, much less facts illustrating a failure to train custom or policy. Each of the three Counts refers broadly only to "Defendants" and in no way makes any allegation that the actions were part of a Union Pacific custom or policy. If the court where to allow the allegations of Counts IV, VI and X to survive without any mention of a custom or policy, the counts would be nothing more than a claim for *respondeat superior*, as the second amended complaint would seek to hold Union Pacific liable for the actions of its police officers.

Moreover, even if the second amended complaint is read as a whole, simply because plaintiffs alleged a custom or policy elsewhere does not give notice or even create an inference that Counts IV, VI and X are similarly proceeding on such a theory. The second amended complaint was originally brought against both Union Pacific and the Union Pacific police officers that took part in the events. The allegations in Counts IV, VI and X, because they do not contain references to any Union Pacific custom or policy, could have been fairly read as applying to the individual police officers and not Union Pacific. Furthermore, a fair reading of the second amended complaint could have been that Counts IV, IV and X were not proceeding on a failure to train theory precisely because such a theory was pled in other Counts, and was absent in

Counts IV, IV and X. The purpose of a notice pleading regime is to give a defendant adequate notice of the cause of action, and nothing in Counts IV, VI and X, or the second amended complaint as a whole, adequately notifies Union Pacific that Counts IV, VI and X are based on a custom or policy of failure to train. Without any allegation of a custom, policy or practice necessary to impute liability to Union Pacific under § 1983, Union Pacific's motion for judgment on the pleadings as to Counts IV, VI and X is granted.

## CONCLUSION

For the reasons stated above, Union Pacific's motion for judgment on the pleadings as to Counts IV, VI and X is granted [#92]. This case shall proceed to trial on damages on all remaining counts on January 6, 2003.

ENTER: _JOAN HUMPHREY LEFKOW_
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 11, 2002